# UNITED STATES DISTRICT COURT

_____ DISTRICT OF MASSACHUSETTS _____

UNITED STATES OF AMERICA

v.

**RANDY BRIMLEY**,
a/k/a BIG

## CRIMINAL COMPLAINT

M.J. No.:

*2004 M 05/14/20 C*

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief. On or about **August 25, 2004** in **Bristol County,** and elsewhere, in the District of **Massachusetts,** the defendant did knowingly or intentionally possess with intent to distribute, and to distribute: cocaine base, a Schedule II controlled substance, also known as "crack", in violation of Title **21** United States Code, Section(s) **841(a)(1)**. I further state that I am a **D.E.A. Task Force Agent** and that this complaint is based on the following facts:

**Please see attached Affidavit of D.E.A. Task Force Agent John L. Faria**

Continued on the attached sheet and made a part hereof: [x] Yes [ ] No

_____
Signature of Complainant
Task Force Agent John L. Faria

Sworn to before me and subscribed in my presence,

**October 15, 2004** *at 4:55 pm* at **Boston, Massachusetts**
Date                                                          City and State

**Robert B. Collings**
**United States Magistrate Judge**            _____
Name and Title of Judicial Officer                Signature of Judicial Officer

HON. ROBERT B. COLLINGS
UNITED STATES MAGISTRATE JUDGE
United States District Court
United States Courthouse, - Suite 6420
1 Courthouse Way
Boston, MA 02210

**AFFIDAVIT OF JOHN L. FARIA**

**JOHN L. FARIA**, being duly sworn, states as follows:

1. I am a Police Officer in the city of Fall River, Massachusetts and have been so for the past four years. Presently, I am assigned as a Task Force Agent ("TFA") with the United States Drug Enforcement Administration ("DEA"). I am assigned to the New Bedford, Resident Office. Previously, I was assigned as a detective with the Vice and Intelligence Unit of the Fall River Police Department. The unit specialized in narcotics investigations. I have received training in narcotics offenses at the police academy in Plymouth, Massachusetts, and during an eighty hour Basic Narcotics Investigations course conducted by the DEA. I have attended numerous other narcotics related training courses in my career. I received a Bachelor's degree in Criminal Justice from Stonehill College.

2. During my employment with the Fall River Police Department and my assignment to the DEA, I have participated in numerous investigations and arrests relating to the distribution of controlled substances. These include the substances heroin and cocaine, as well as other substances in violation of the state and federal anti-drug laws, including Title 21, United States Code, Sections 841 and 846.

3. I am familiar with the habits, methods, routines, practices and procedures commonly employed by persons engaged in the trafficking of illegal drugs through my training, education,

experience, and through discussions with other law enforcement officers and with confidential sources. I have also become familiar with the manner in which illegal drugs are transported, stored, and distributed, and with the methods of payment for such drugs. Further, I have participated in numerous physical surveillances of the activities of persons involved in narcotics related activity and controlled purchases of drugs. I have also participated in the execution of numerous search warrants on premises that have been the sites of narcotics related activity, and have reviewed records of drug trafficking seized in such warrants.

4. I submit this affidavit in support of an application for a criminal complaint charging RANDY BRIMLEY, a/k/a "Big" with possession with intent to distribute, and distribution of, cocaine base, also known as "crack", a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

**BACKGROUND OF INVESTIGATION**

5. Since July 2004, I along with other DEA Task Force Agents, DEA Special Agents and other law enforcement personnel, have been investigating the criminal activities of BRIMLEY and other associates of BRIMLEY who distribute illegal drugs in the southeastern Massachusetts area. As a result of my personal participation in the investigation, interviews with and analysis of reports submitted by other law enforcement personnel, interviews of confidential sources, and my consultations with

other law enforcement officers, I am familiar with this investigation. This Affidavit does not set forth every fact that I and other law enforcement agents know about this investigation, but simply sets forth the facts that I believe are sufficient to show probable cause necessary for the issuance of the requested criminal complaint.

6. The investigation of BRIMLEY was initiated in July, 2004 based on information provided by a cooperating witness (hereinafter the "CW") regarding the trafficking of crack cocaine by BRIMLEY. The CW assisted in the investigation by arranging for, and participating in, controlled purchases of crack cocaine.[1] The transactions took place generally as follows: the CW would place one or more telephone calls to BRIMLEY in which the CW would request to purchase a quantity of crack cocaine for the CW to re-distribute later. BRIMLEY and the CW would negotiate the price, and BRIMLEY would tell the CW to go to the "shop". The CW understood this to mean 580 South Main Street in Fall River. These telephone conversations were consensually recorded by the CW, with exception of the first buy on July 21, 2004. The last two purchases, on October 13, 2004 and on October 14, 2004 were also not recorded.

7. The CW wore a transmitter that allowed agents to listen

---

[1] The CW has a criminal history that includes three cases resulting in felony drug convictions. Additionally, the CW has two pending state felony drug cases in which the CW is expecting favorable sentencing recommendations to the local prosecutors by the government. CW had a history of drug abuse in the past. CW also received assistance from the government in relocating and received payment of money from the government, including relocation costs.

to and record conversations as they took place. The CW was searched before and after each purchase, and surveillance was conducted by me and other agents. The CW was provided with official government funds ("OGF"), and the CW would then go to 580 South Main Street and enter the store. The CW would pay and receive the crack cocaine from BRIMLEY, or an associate.

8. From July 21, 2004 through October, 2004, the CW made eight controlled purchases of crack cocaine from BRIMLEY and his associates. The total amount of controlled substances that has been purchased from BRIMLEY and his associates is seven and one-half ounces of crack cocaine and one-half ounce of powdered cocaine. BRIMLEY's associates are known only as "Freddy" LNU, and a black male, known to the CW as a cousin of BRIMLEY named "TY" LNU.

9. On July 21, 2004, the CW arranged for the purchase of one-half ounce of crack cocaine from BRIMLEY by speaking to him on the telephone on a recorded line. An associate of BRIMLEY, Freddy LNU delivered to the CW one-half ounce of crack cocaine (net weight – 14.1 grams) in exchange for $450.

10. On July 28, 2004, the CW arranged for the purchase of one ounce of crack cocaine from BRIMLEY by speaking to him on the telephone on a recorded line. The CW met with BRIMLEY, who sold the CW one-half ounce of crack cocaine,(net weight – 13.9 grams) and one-half ounce of powdered cocaine (net weight – 14.0 grams) in exchange for $1,000.

11. On August 11, 2004, the CW arranged for the purchase

of one ounce of crack cocaine from BRIMLEY by speaking to him on the telephone on a recorded line. An associate of BRIMLEY, his cousin Ty LNU, delivered to the CW one ounce of crack cocaine (net weight - 28.0 grams) in exchange for $1,000.

12.  On August 20, 2004, the CW arranged for the purchase of one ounce of crack cocaine from BRIMLEY by speaking to him on the telephone on a recorded line. The CW met with BRIMLEY, who sold the CW one ounce of crack cocaine (net weight - 27.8 grams) in exchange for $900.

### CONTROLLED PURCHASE OF AUGUST 25, 2004

13.  On August 25, 2004, the CW placed a recorded phone call to BRIMLEY. The CW requested two ounces of crack cocaine. The CW was searched in the manner described above and provided $2,000 in OGF and a transmitter. At approximately 1:20 pm, the CW parked on South Main Street and entered 580 South Main Street.

14.  An audio tape recording was made of this transaction. At approximately 1:35 pm, the CW exited the store and returned to CW's vehicle. The CW drove to a pre-arranged location and met with agents. The vehicle and the CW were searched with negative results. The crack cocaine was immediately transferred to SA Fallon and was subsequently sent to the DEA Northeast Regional Laboratory ("NERL") where it was certified that the pinkish colored rock-like substance was cocaine base with a net weight of 55.8 grams.

15.  The CW was then debriefed and stated that he/she entered the store, sat in a chair and counted out the money for

the purchase. The CW counted out $2,000 in cash and gave $1,800 to BRIMLEY. CW made small talk with BRIMLEY who then took the CW into the back room and displayed a pink colored piece of crack cocaine. BRIMLEY then handed the CW a plastic bag with the two ounces of crack cocaine. The CW and BRIMLEY then spoke about a prior drug deal. The CW left and met with the agents.

16. TFA Celeste Cabral maintained surveillance on 580 Main Street after the deal. She observed BRIMLEY, and several unidentified persons, proceeding in and out of the store over the next several hours. At about 3:25 pm, TFA Cabral saw a red Volkswagon stop in front of 580 South Main Street. BRIMLEY and two unidentified males got into the car. TFA Cabral and other agents followed the car to a bus terminal in Fall River and observed BRIMLEY and the two other males board a bus to Boston. TFA Turgeon and other agents followed the bus to South Station in Boston. They lost sight of BRIMLEY there. Agents checked 20 Woodville Street, #2 in Roxbury, an address that BRIMLEY used during the course of the investigation. They did not locate BRIMLEY there.

**CONTINUED INVESTIGATION**

17. On September 15, 2004, the CW arranged for the purchase of one ounce of crack cocaine from BRIMLEY by speaking to him on the telephone on a recorded line. The CW met with BRIMLEY, who sold the CW one ounce of crack cocaine (net weight - 27.8 grams) in exchange for $900.

18. On October 13, 2004, the CW arranged for the purchase

of one ounce of crack cocaine from BRIMLEY by sending him a text message on BRIMLEY's new cellular telephone.[2] The CW met with BRIMLEY, who sold the CW one ounce of crack cocaine (net weight - results pending) in exchange for $1,000. The location of this transaction, unlike each of the other deals, was in the common hallway of the residence at 20 Woodville Street in Roxbury, Massachusetts where BRIMLEY was known to frequent during the investigation and where his grandmother resides.

19.  On October 14, 2004, the CW arranged for the purchase of one-half ounce of crack cocaine from BRIMLEY by sending him a text message on BRIMLEY's cellular telephone. The CW met with BRIMLEY, who sold the CW one-half ounce of crack cocaine (net weight - results pending) in exchange for $500.

20.  Each of the drug exhibits were field tested positive for cocaine and later submitted to the NERL for further analysis and certification.

21.  Based upon the foregoing, and based upon my training and experience, I submit that there is probable cause to believe that on August 25, 2004 in Bristol County, BRIMLEY possessed with intent to distribute, and did distribute, cocaine base, also known as crack, in violation of Title 21, United States Code,

---

[2]  Text messages are word or phrases the are transmitted from one cellular telephone to another. The messages appear on the recipient's cellular telephone screen where they can be read.

Section 841(a)(1).

                             _____
                             John L. Faria
                             Task Force Agent
                             Drug Enforcement Administration

   Sworn and subscribed to before me this 15th day of October, 2004 at Boston, Massachusetts.

                             _____
                             Robert B. Collings
                             UNITED STATES MAGISTRATE JUDGE

✎JS 45 (5/97) - (Revised USAO MA 1/15/04)

| Criminal Case Cover Sheet | U.S. District Court - District of Massachusetts |
|---|---|

**Place of Offense:** _____  **Category No.** II  **Investigating Agency** DEA

**City** Fall River          **Related Case Information:**

**County** Bristol          Superseding Ind./ Inf. _____ Case No. _____
                            Same Defendant _____ New Defendant _____
                            Magistrate Judge Case Number _____
                            Search Warrant Case Number _____
                            R 20/R 40 from District of _____

**Defendant Information:**

**Defendant Name** Randy Brimley          **Juvenile** ☐ Yes  ☒ No

**Alias Name** Big

**Address** 20 Woodville Street, #2 Roxbury, MA

**Birth date (Year only):** 1979  **SSN (last 4 #):** 7654  **Sex** m  **Race:** Black  **Nationality:** U.S.

**Defense Counsel if known:** _____  **Address:** _____

**Bar Number:** _____

**U.S. Attorney Information:**

**AUSA** Glenn A. MacKinlay          **Bar Number if applicable** _____

**Interpreter:** ☐ Yes ☒ No          **List language and/or dialect:** _____

**Matter to be SEALED:** ☐ Yes ☒ No

☒ **Warrant Requested**          ☐ **Regular Process**          ☐ **In Custody**

**Location Status:**

**Arrest Date:** _____

☐ Already in Federal Custody as _____ in _____.
☐ Already in State Custody _____ ☐ Serving Sentence ☐ Awaiting Trial
☐ On Pretrial Release: Ordered by _____ on _____

**Charging Document:**     ☒ Complaint     ☐ Information     ☐ Indictment

**Total # of Counts:**     ☐ Petty _____     ☐ Misdemeanor _____     ☒ Felony  1

Continue on Page 2 for Entry of U.S.C. Citations

☒  I hereby certify that the case numbers of any prior proceedings before a Magistrate Judge are accurately set forth above.

**Date:** October 15, 2004     **Signature of AUSA:** /s/ Glenn A. MacKinlay

JS 45 (5/97) - (Revised USAO MA 3/25/02) [ 2 of 2 or Reverse

**District Court Case Number** (To be filled in by deputy clerk): _____

**Name of Defendant**   Randy Brimley

### U.S.C. Citations

| Index Key/Code | Description of Offense Charged | Count Numbers |
|---|---|---|
| Set 1  21 U.S.C 841(a) | Possession with Intent , Distribution of crack | 1 |
| Set 2 | | |
| Set 3 | | |
| Set 4 | | |
| Set 5 | | |
| Set 6 | | |
| Set 7 | | |
| Set 8 | | |
| Set 9 | | |
| Set 10 | | |
| Set 11 | | |
| Set 12 | | |
| Set 13 | | |
| Set 14 | | |
| Set 15 | | |

**ADDITIONAL INFORMATION:**