

U.S. Department of Justice

**Michael J. Sullivan**
United States Attorney
District of Massachusetts

---

*Main Reception: (617) 748-3100*

*United States Courthouse, Suite 9200*
*1 Courthouse Way*
*Boston, Massachusetts 02210*

December 21, 2004

J. Martin Richey, Esq.
Federal Defender's Office
408 Atlantic Avenue, 3rd floor
Boston, MA 02210

Re:  United States v. Randy Brimley
     Criminal No. 04-10344-RGS

Dear Counsel:

Pursuant to Fed. R. Crim. P. 16 and Rules 116.1(C) and 116.2 of the Local Rules of the United States District Court for the District of Massachusetts, the government provides the following automatic discovery in the above-referenced case:

A.   Rule 16 Materials

1.   Statements of Defendant under Rule 16 (a)(1)(A)

     a.   Written Statements

     There are no relevant written statements of the defendant, Randy Brimley in the possession, custody or control of the government, which are known to the attorney for the government.

     b.   Recorded Statements

     Consensual tape recordings were made of telephone conversations and personal meetings involving the defendant, Randy Brimley and government's cooperating witness, hereinafter "CW-1". These recordings are enclosed and are also available for your review at the United States Attorney's Office and are designated Drug Enforcement Administration ("DEA") exhibit N-1, 2, 6 (three tapes), 7, 9, 10, 12, 13, 17, 18, 19, 22.

    c.    <u>Grand Jury Testimony of the Defendant</u>

The defendant, Randy Brimley did not testify before a grand jury in relation to this case.

    d.    <u>Oral Statements to Then Known Government Agents</u>

The government is unaware of any oral statements made by the defendant before or after arrest that are not included in the DEA - 6 reports provided herein, in response to interrogation by a person then known to the defendant to be a government agent, which the government intends to use at trial.

2.    <u>Defendant's Prior Record under Rule 16 (a)(1)(B)</u>

It is the government's understanding that the defendant was provided with the prior criminal record of the defendant by pretrial services. If you need an additional copy, kindly let me know.

3.    <u>Documents and Tangible Objects under Rule 16(a)(1)(C)</u>

Enclosed are copies of all books, papers, documents and tangible items which are within the possession, custody or control of the government, and which are material to the preparation of the defendant's defense or are intended for use by the government as evidence in chief at the trial of this case, or were obtained from or belong to the defendant. These items are Bates stamped #s 1- 191. The government has included photocopies of surveillance photographs taken during the course of the investigation. The original photographs and other materials including a surveillance videotape may be inspected by contacting the undersigned Assistant U.S. Attorney and making an appointment to view the same at a mutually convenient time.

Any additional books, papers, documents and tangible items which come within the possession, custody or control of the government, and which are material to the preparation of the defendant's defense or are intended for use by the government as evidence in chief at the trial of this case, or were obtained from or belong to the defendant, may be inspected by contacting the undersigned Assistant U.S. Attorney and making an appointment to view the same at a mutually convenient time.

In particular, the government maintains the materials listed in the following DEA-7a reports provided herewith:
DEA-7a reports referencing exhibits N-1 to N-28, Bates Stamped #s

60-85.
   Although the production at this time is not required under either Federal Rule of Criminal Procedure 16 or Local Rule 116, the government provides herewith the following DEA-6 reports:

- One DEA-6 report dated July 20, 2004
- Two DEA-6 reports dated July 22, 2004
- One DEA-6 report dated July 27, 2004
- One DEA-6 report dated July 30, 2004
- One DEA-6 report dated August 6, 2004
- Two DEA-6 reports dated August 12, 2004
- One DEA-6 report dated August 13, 2004
- One DEA-6 report dated August 23, 2004
- One DEA-6 report dated August 24, 2004
- One DEA-6 report dated August 26, 2004
- One DEA-6 report dated August 27, 2004
- One DEA-6 report dated September 14, 2004
- One DEA-6 report dated September 16, 2004
- One DEA-6 report dated October 14, 2004
- One DEA-6 report dated October 20, 2004
- One DEA-6 report dated October 21, 2004
- One DEA-6 report dated October 25, 2004

   The foregoing are Bates stamped #s 1-59.

   Enclosed are redacted copies of statements of the cooperating witness Bates stamped #s 102-114.
However, the government declines to provide the name of the cooperating witness under this section, pursuant to Local Rule 116.6 because "it would be detrimental to the interests of justice" to make the disclosure at this time due to safety concerns and ongoing investigative matters.
   Cellular telephone records of Randy Brimley's telephones that were obtained during the investigation are also available for inspection and review at the United States Attorney's Office.

4.   <u>Reports of Examinations and Tests under Rule 16 (a)(1)(D)</u>

   Enclosed are the following documents:
DEA - 7 reports of narcotics testing; exhibit #s 1-8 attached and Bates stamped #s 86-101.
   There presently are no reports of physical or mental examinations or scientific tests or experiments other than those referenced above, made in connection with this case.

B.   Search Materials under Local Rule 116.1(C)(1)(b)

Search warrants were executed at 580 South Main Street in Fall River and 20 Woodville Street, #2 in Roxbury on October 18, 2004. A copy of the search warrants, applications, affidavit, motions to seal and to unseal are enclosed. The search warrant returns will be provided upon receipt of them. Search warrants were also executed on three cellular telephones seized at 580 South Main Street in Fall River on November 4, 2004. A copy of the search warrants, applications, affidavit, and returns are enclosed and all materials are Bates stamped #s 150-191.

C.   Electronic Surveillance under Local Rule 116.1(C)(1)(c)

No oral, wire, or electronic communications of the defendant as defined in 18 U.S.C. § 2510 were intercepted relating to the charges in the indictment.

D.   Consensual Interceptions under Local Rule 116.1(C)(1)(d)

A written description of interceptions (as the term "intercept" is defined in 18 U.S.C. § 2510(4)) of communications, relating to the charges contained in the indictment made with consent of one of the parties to the communication ("consensual interceptions"), in which the defendant was intercepted or which the government intends to offer as evidence in its case-in-chief is enclosed and set forth in paragraph 1(b) above. The recordings contain telephone calls involving the cooperating witness, CW-1 setting up the drug transactions with the defendant. The personal meeting tapes consist of recordings of conversations that occurred during the drug transactions involving the defendant and CW-1. Although not required by Local Rule 116.1(C)(1)(d)(i), the government is producing the following reports relating to the consensual recordings, a full description of these recordings is contained in the DEA-6 reports attached hereto. The conversations on these tape recordings are in the English language. The videotape consists of surveillance conducted at a location during the investigation.

E.   Unindicted Coconspirators under Local Rule 116.1(C)(1)(e)

At this time, I am unaware of the names of any known unindicted coconspirators as to the conspiracy charged in Count One of the indictment. The first names of unindicted coconspirators are included in the reports provided.

F.   <u>Identifications under Local Rule 116.1(C)(1)(f)</u>

The defendant, Randy Brimley was not the subject of an investigative identification procedure used with a witness the government anticipates calling in its case-in-chief involving a line-up, show-up, photo spread or other display of an image of the defendant, Randy Brimley. However, CW-1 who knew Randy Brimley for a significant period of time, did view a surveillance photograph taken outside of 580 South Main Street in Fall River, MA in mid-July and confirmed that it depicted Randy Brimley to DEA Special Agent Jennifer Fallon and DEA Task Force Agent John Faria.

G.   <u>Exculpatory Evidence Under Local Rule 116.2(B)(1)</u>

With respect to the government's obligation under Local Rule 116.2(B)(1) to produce "exculpatory evidence" as that term is defined in Local Rule 116.2(A), the government states as follows:

1.   The government is unaware of any information that would tend directly to negate the defendant's guilt concerning any count in the indictment.

2.   The government is unaware of any information that would cast doubt on the admissibility of evidence that the government anticipates offering in its case-in-chief and that could be subject to a motion to suppress or exclude.

3.   In the course of this investigation the government used a cooperating witness, CW-1. CW-1 has received reimbursement for expenses in this case. CW-1 also received assistance with relocation to secure housing including relocation costs. CW-1 received a recommendation for consideration to a local prosecutor in a pending case. CW-1 also expects a recommendation for consideration to another local prosecutor in another pending case. The government declines to provide the name of the witness under this section, pursuant to Local Rule 116.6 because "it would be detrimental to the interests of justice" to make the disclosure at this time due to safety concerns and ongoing investigative matters.

4.   CW-1 has a criminal record. A redacted copy of CW-1's criminal history is attached as Bates stamped #s 115-126.

5.   CW-1 also has pending cases as shown in the attached criminal history.

5

6. No named percipient witness failed to make a positive identification of a defendant with respect to the crimes at issue.

H. <u>Other Matters</u>

The government is aware of its continuing duty to disclose newly discovered additional evidence or material that is subject to discovery or inspection under Local Rules 116.1 and 116.2(B)(1) and Rule 16 of the Federal Rules of Criminal Procedure.

The government requests reciprocal discovery pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure and Local Rule 116.1(D).

The government demands, pursuant to Rule 12.1 of the Federal Rules of Criminal Procedure, written notice of the defendant's intention to offer a defense of alibi. The time, date, and place at which the alleged offenses were committed is set forth in the affidavit filed in support of the criminal complaint in this case and is set forth in the indictment in this case, a copy of which you previously have received.

The government is also providing reports of prior and pending cases of Randy Brimley attached as Bates stamped #s 141-149.

Please call the undersigned Assistant U.S. Attorney at 617-748-3215 if you have any questions.

                                Very truly yours,

                                MICHAEL J. SULLIVAN
                                United States Attorney

By: _____
     GLENN A. MACKINLAY
     Assistant U.S. Attorney

enclosures

cc: Noreen Russo
    Clerk to the Honorable Robert B. Collings
    (w/o enclosures)