

U.S. Department of Justice

**Michael J. Sullivan**
*United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*     *United States Courthouse, Suite 9200*
*1 Courthouse Way*
*Boston, Massachusetts 02210*

March 10, 2005

J. Martin Richey, Esq.
Federal Defender's Office
408 Atlantic Avenue, 3rd floor
Boston, MA 02210

    Re:  United States v. Randy Brimley
          <u>Criminal No.  04-10344-RGS</u>

Dear Counsel:

    Enclosed please find in the above matter the following discovery that you have sought in your correspondence dated January 10, 2005:

1. A second copy of tape N-19.  The tape previously provided to was apparently blank.  I have checked on the quality of the other tapes previously provided to you.  The DEA agents have indicated that the quality of the original tapes is similar.  However, you may review the original recordings (or the second copy that I have in my file) here at my office at a convenient date.
2. Color copies of all photographs taken in the investigation (79);
3. Copies of N-25, and N-26 - documents seized from 580 South Main Street in Fall River and from 20 Woodville Street in Roxbury;
4. Copies of the cellular telephone information taken from the defendant's cellular telephones, including notes taken at the execution of the cellular telephone search warrants which include telephone numbers and text messages.  You were previously provided with the search warrant, affidavit, application and return concerning the cellular telephones; and
5. A second copy of the search warrant affidavit for 580 South Main Street in Fall River and 20 Woodville Street in Roxbury.

    As we previously discussed, there is a surveillance videotape in this matter that contains the images of the cooperating witness. I provided to you five still photographs obtained from the surveillance video that do not reveal the identity of the witness. The government has produced only these photographs at this time because the videotape itself depicts the cooperating witness and the government declines to provide the name or identity of the witness, pursuant to Local Rule 116.6 because "it would be detrimental to the interests of justice" to make the disclosure at this time due to safety concerns and ongoing investigative matters. The government acknowledges that it must provide a copy of the videotape at the time that it is required, pursuant to the Local Rules to disclose the identity of the witness.

    Please call the undersigned Assistant U.S. Attorney at 617-748-3215 if you have any questions.

                          Very truly yours,

                          MICHAEL J. SULLIVAN
                        United States Attorney

              By:

                        <u>S/ Glenn A. MacKinlay</u>
                        GLENN A. MACKINLAY
                        Assistant U.S. Attorney

enclosures
cc:  Noreen Russo
     Clerk to the Honorable Robert B. Collings
     (w/o enclosures)